UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-mc-00022-FDW

| | )  |           |
|---|---|---|
| In Re CITIZEN'S COMPLAINT | ) ) ) ) ) ) | **ORDER** |

**THIS MATTER** is before the Court on initial review under 28 U.S.C. § 1915(e) of a Pro Se "Citizen's Complaint" filed by Howard J. Foster on behalf of "the citizen's [*sic*] of the United States of America." [Doc. 1]. Also pending before the Court are a "Motion to Supplement Exhibits" [Doc. 2] and a "Motion to Request status" [Doc. 3].

**I.    BACKGROUND**

On October 18, 2019, Howard J. Foster filed a "Citizen's Complaint" with this Court on behalf of the citizens of the United States of America (collectively, "Plaintiff") seeking the undersigned to redress a certain "crime" allegedly perpetrated by "either the Honorable Judge Lacy H. Thornburg or the Honorable Judge Martin Reidinger" in the filing of "a late document into the court case of Kenneth Foster." [Doc. 1 at 2]. Specifically, the Complaint requests that the undersigned remove the "violators" of the Code of Judicial Ethics. [Id. at 2-3].

Kenneth Foster is a federal inmate currently incarcerated at Fort Dix East Federal Correctional Institution located in Joint Base MDL, New Jersey. On August 26, 2009, the Honorable Lacy H. Thornburg, United States District Judge, entered judgment against Kenneth Foster after a jury found him guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and use of a communication facility to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b) (Count Two). [Criminal

Case No. 1:09-cr-00013-MR-WCM ("CR"), Doc. 347: Judgment]. Kenneth Foster was sentenced to a term of imprisonment of 360 months on Count One and 96 months on Count Two, to be served concurrently. [Id. at 2]. He has unsuccessfully sought to challenge this conviction several times, both by direct appeal and through Section 2255 motions to vacate. [See CR Doc. 363, 627, 689, 710, 718, 722, 858; Civil Case No. 1:09-cr-00013-MR-WCM-8, Doc. 1; Civil Case No. 1:09-cr-00315-MR, Doc. 1].

On October 18, 2019, Kenneth Foster filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Civil Case No. 1:19-cv-00297 ("CV"), Doc. 1]. He named the Honorable Lacy H. Thornburg, former United States District Judge, as the sole Defendant. In the Complaint, Kenneth Foster alleged that Judge Thornburg, "a former Federal Judge in [Kenneth Foster's] criminal matter, was retired when he entered a false document into the court[']s docket and record without being assigned, designated, or given any permissions."[1] [Id. at 4]. Kenneth Foster claimed that Judge Thornburg violated The Privacy Act in entering the document in the record because Rule 5.2 of The Privacy Act "clearly states that any document under seal cannot be made public record, which the document in question was." [Id. at 12]. He also argued that the filing of this document violated his "rights covered under Due Process." [Id. at 13].

The Court conducted an initial review of Kenneth Foster's Complaint under 28 U.S.C. §§ 1915A and 1915(e). The Complaint did not survive initial review for several reasons. First, it was untimely and barred by the statute of limitations. Second, Judge Thornburg is immune from suit

---

[1] Kenneth Foster attached the document at issue as Exhibit A to his Complaint. [CV Doc. 1 at 17-18]. The document was filed on March 11, 2010, in Case No. 1:08-mc-00050-LHT, a matter which is completely sealed.

under the doctrine of judicial immunity. Finally, Plaintiff failed to state a claim, in any event.[2] [CV Doc. 12]. In dismissing Kenneth Foster's Complaint, the Court noted, in pertinent part, as follows:

> [W]hile Plaintiff takes significant issue with the alleged fact that the document was entered in the docket in a miscellaneous proceeding that remained assigned to Judge Thornburg after Judge Thornburg's retirement, this is not a "fraud" perpetrated on Petitioner, as Petitioner alleges. Because the miscellaneous proceeding was closed on October 24, 2008, the case was not (and still is not) reassigned to another judge on Judge Thornburg's retirement. Documents are often filed in cases after cases are closed as a matter of complete record keeping. There was nothing fraudulent or wrongful about the entry of the document in these miscellaneous proceedings. Further, Judge Thornburg was not responsible for entering the document in the record, in any event. Also, Plaintiff has failed to allege how this document is "false." As such, Plaintiff's claim is also subject to dismissal for failure to state a claim.

[Id. at 4-5].

Now, Howard Foster, presumably a relative of Kenneth Foster's, purportedly on behalf of thirteen (13) citizens that have signed the Citizen's Complaint, requests that the undersigned redress the alleged "crime" of filing this document in Kenneth Foster's criminal proceedings.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams,

---

[2] Further details regarding the grounds for the Court's dismissal of Kenneth Foster's Complaint can be found in the Court's initial review Order in that case. [CV Doc. 12].

490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Citizen's Complaint fails initial review for several reasons. First, Plaintiff raises "an indisputably meritless legal theory." Even if some sort of misconduct occurred, which the Court does not recognize, there is no cognizable legal claim for judicial misconduct. <u>See</u> <u>Vaeth v. Bd. of Trustees</u>, No. RDB-08-708, 2009 WL 2487076, at *5 (D. Md. Aug. 11, 2009). And there is especially no general citizens' right to legal relief for judicial misconduct. Further, this Court has no authority to remove an Article III judge for any such conduct or otherwise.

Second, Judge Thornburg and Judge Reidinger are immune from suit under the doctrine of judicial immunity, in any event. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). As such, the Complaint must be dismissed.

Third, even if Plaintiff had a cognizable claim, which he does not, it would be barred by the statute of limitations. The alleged improper act at issue occurred in 2010. [Doc. 1 at 2]. Plaintiff's failure to timely file this Complaint is plainly evident and the Plaintiff, therefore, has

failed to state a claim as a matter of law.

Finally, Plaintiff does not have standing to bring this suit. The Complaint was filed by Howard Foster and purports to be signed by 13 citizens of the United States. [Doc. 1 at 6]. Plaintiff seeks to adjudicate a wrong he alleges occurred against Kenneth Foster and does not allege any harm to himself or to the citizens he purports to bring the Complaint on behalf. Virginia House of Delegates v. Bethune-Hill, 139 S. Ct. 1945, 1950 (2019) ("The three elements of standing, this Court has reiterated, are (1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision."). Accordingly, the Court cannot reach the merits of Plaintiff's Complaint in any event.

The Court, therefore, will dismiss Plaintiff's Complaint with prejudice because amendment is futile.

## IV. CONCLUSION

For the reasons stated herein, the Citizen's Complaint fails initial review under 28 U.S.C. § 1915(e) and will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Citizen's Complaint [Doc. 1] is dismissed with prejudice on initial review under 28 U.S.C. § 1915(e).
2. Plaintiff's Motion to Supplement Exhibits [Doc. 2] is **GRANTED**.
3. Plaintiff's Motion to Request Status [Doc. 3] is **DENIED** as moot.
4. The Clerk is directed to terminate this action.

Signed: February 5, 2020

Frank D. Whitney
Chief United States District Judge